STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-016

GEORGE K. GARDNER

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

AUG 11 2003

DECISION ON APPEAL

This matter comes before the court on the appeal of petitioner George Gardner from a determination of the Maine Revenue Services denying the petitioner a tax-exempt status for commercial fishing operations. This appeal is made pursuant to 36 M.R.S.A. § 151, which includes the provision that, "The Superior Court shall conduct a de novo hearing and make a de novo determination of the merits of the case. It shall make its own determination as to all questions of fact or law." Presently pending before the court are the parties' cross-motions for summary judgment.

### Facts

A brief outline of the undisputed facts culled from the Statement of Material Facts of both the petitioner and respondent reveals the following: petitioner George Gardner has been a physician since 1973. During the specific years in question (1999 and 2000), Dr. Gardner had a successful family medicine practice in Scarborough. Dr. Gardner typically worked at his medical practice four days a week, and in 1999 earned a net income from this work of $234,731.

In addition to his medical practice, and of more immediate importance to this appeal, Dr. Gardner has been an avid Atlantic blue-fin tuna fisherman for many years. He has personally held a federal permit for commercial tuna fishing since 1988. In

April 1999, Dr. Gardner purchased a 36-foot fishing boat, which he named the Kristin K. The vessel was registered with the Coast Guard for "coast wise, fishery and recreational" uses. The vessel was also licensed by the National Marine Fisheries Service to engage in commercial tuna fishing during the 1999 and 2000 fishing seasons. When he was fishing, Dr. Gardner fished only for tuna.

The Kristin K. saw several uses during 1999 and 2000. Those uses are summarized in the "Assessor's Corrected Use Chart For 1999 and 2000" which the court finds as fact and incorporates herein. According to the chart, which has been used by both parties in their arguments, in addition to Dr. Gardner's regular fishing activities, the vessel was used on weekends by his sons for fishing. The vessel was also used both for dinner charters and fishing/sharking charters and in tuna tournaments. The question is whether enough of this use can be related to commercial fishing to entitle the petitioner to the tax exemptions.

## Discussion

The petitioner seeks two goals. First, he argues that he owes no use tax on the 1999 purchase and use of the Kristen K. because the vessel was used "primarily" in "commercial fishing" during 1999 and 2000. Second, the petitioner argues he is entitled to a commercial fishing "certificate of exemption" under 36 M.R.S.A. § 2013(3), allowing individuals to purchase certain items without paying sales tax. The key to both questions is whether the Kristen K. was "used directly and primarily in the operation of commercial fishing venture." "Commercial fishing" means "attempting to catch fish or other marine animals or organisms with the intent of disposing of them for profit or trade in commercial channels and does not include subsistence fishing for personal use, sport fishing or charter boat fishing where the vessel is used for carrying sport anglers to available fishing grounds." 36 M.R.S.A. § 2013(1)(B) (Supp. 2002). For present

2

purposes, "primarily" means more than 50% of the time during the first two years of use of the vessel for commercial fishing. Maine Revenue Service Rule 323.01(F). *See* 36 M.R.S.A. § 1752(9-A) (1990 & Supp. 2002). Accepting the premises that the petitioner would have sold tuna commercially if he had caught any during 1999 and 2000, the question is whether this commercial activity accounted for more than 50% of the time the vessel was in use.

Although the parties do not dispute the estimates of use set forth in the Assessor's Use Table, they do dispute whether the time the vessel was used by the petitioner's sons should be counted as commercial fishing. The petitioner argues that because his sons work for him as crewmembers, their use qualifies as "commercial fishing" under the vessel permit. On the other hand, the Assessor has consistently interpreted section 2013 to apply only to those purchasers who actually use the machinery or equipment in commercial agricultural production or commercial fishing. In addition, the Law Court has made it clear regarding other, similar exemptions, that use by the actual purchaser is necessary for the exemption. *See Harold MacQuinn, Inc. v. Halperin*, 415 A.2d 818, 819-820 (Me. 1980); *J & E Air, Inc. v. State Tax Assessor*, 2001 ME 95, ¶ 11, 773 A.2d 452, 456. Here, only one of the sons was employed as a crewmember for one of the two years, and the petitioner never leased the vessel to his sons. Though the petitioner alleged that his sons would receive one-third of the sales of any fish they caught, neither son was ever actually paid for any fish they did catch. Considering all of these factors, the court concludes that the time spent by the sons fishing from the vessel should not be included in determining whether the vessel was used primarily in commercial fishing.

In addition, even if the sons' fishing time was included, the time spent in commercial fishing would still not exceed 50% of the total usage after adjustment is

3

made for those days when the petitioner and his sons fished even though the National Marine Fisheries Service had closed the commercial tuna fishery. The total number of hours the vessel was used for any activity in each of the two years was 1,055. Of those hours, 716 consisted of fishing activity. Since the petitioner only fished for tuna, he could not have been fishing commercially on days when that fishery had been closed and those fishing hours should not be counted toward the 50%. In summary, after the adjustment is made for the closed fishery days, the Kristin K. could not have been used "primarily" for commercial fishing even if the sons' fishing time was included.

For either or both of the reasons stated above, the court concludes that the Kristin K. was not used primarily in commercial fishing, the petitioner would be liable to use tax, and he would not be entitled to a commercial fishing "certificate of exemption."

The entry will be:

      (1)    Petitioner's motion for summary judgment is DENIED.
      (2)    Respondent's motion for summary judgment is GRANTED
and this matter is REMANDED.

Dated: July 15, 2003

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __2/27/02__ __Kennebec__ Docket No. __AP02-16__
County

Action __Petition for Review__
80C

## J. STUDSTRUP

George Gardner                                    vs.    Maine Revenue Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Howard T. Reben, Esq.<br>P.O. Box 7060<br>97 India Street<br>Portland, Maine 04112 | Thomas A. Knowlton, AAG<br>6 State House Station<br>Augusta,Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 2/27/02 | Petition for Review of Governmental Action Pursuant to Rule 80C of the Maine Rules of civil Procedure, filed. s/Reben, Esq. |
| 4/25/02 | Letter entering appearance, filed. s/Knowlton, AAG |
| 5/10/02 | State Tax Assessor's Consented-to Motion for an Order to Specify the Future Course of Proceedings, filed. s/Knowlton, AAG<br>Proposed Order, filed. |
| 5/14/02 | ORDER SPECIFYING FUTURE COURSE, Studstrup, J.<br>(Discovery deadline 1/3/03)<br>Copies mailed to attys of record. |
| 6/7/02 | Notification of Discovery Service, filed. s/Knowlton, AAG<br>(1) State Tax Assessor's First Request for Production of Documents and (2)<br>State Tax Assessor's First Set of Interrogatories served on Howard RT. Reb<br>Esq. on 6/6/02. |
| 7/26/02 | Letter informing the court of Discovery request, filed. s/Knowlton, AAG |
| 8/7/02 | Letter regarding discovery, filed. s/Reben, Esq.  (copy) |
| 8/19/02 | Notification of Discovery Service of Petitioner's Answers to Respondent's<br>First Set of Interrogatories and Petitioner's Responses to Respondent's<br>First Request for Production of Documents served on Thomas Knowlton,<br>AAG on 8/15/02, filed  s/H. Reben, Esq. |
| 9/20/02 | Notification of Discovery Service, filed. s/Knowlton, AAG<br>Notice of Deposition of George K. Gardner served on Howard T. Reben, Esq.<br>on 9/18/02. |
| 10/25/02 | Letter requesting a discovery dispute conference, filed. s/Reben, Esq. |
| 10/30/02 | Conference Call set for 11/1/02 at 9:00 a.m. before Justice Studstrup.<br>Parties notified by judicial secretary. |
| 11/5/02 | HEARING/CONFERENCE RECORD, STUDSTRUP, J.<br>Howard Reben, Esq. and Thomas Knowlton, AAG. participating in conference<br>call.<br>The entry will be:<br>Mr. Knowlton may depose Dr. Gardner in Augusta at a date and time most |